UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>JAMES VANDERLAAN<br><br>Debtor(s)<br>JAMES VANDERLAAN<br><br>Plaintiff(s)<br>OLD REPUBLIC INSURANCE CO.<br><br>Defendant(s) | BK No.: 11-21211<br>Chapter: 13<br>Honorable Jack B. Schmetterer<br><br>Adv. No.: 11-02254 |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

On October 24, 2011, the Complaint of JAMES VANDERLAAN, the Plaintiff in this adversary action and the debtor in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiffs in this matter.

FINDINGS OF FACT

1. Plaintiff is the owner of improved parcel of residential real estate ("Real Estate") commonly known as 6525 W. 173rd Place, 3B, Tinley Park, IL 60477-2003 and legally described as follows:

UNIT 3C WEST, AND G5 IN TRAIN STATION CONDOMINIUM OF TINLEY PARK, AS DELINEATED ON THE PLAT OF SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL ESTATE: THE EAST 104.00 FEET OF LOT 11 (EXCEPT THAT PART OF LOT 11 DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE EAST LINE OF THE WEST 25 FEET OF SAID LOT 11 AND 33 FEET SOUTH OF THE NORTH LINE OF SAID LOT 11, (SAID POINT ALSO BEING THE NORTHEAST CORNER OF LOT 3 IN WILLIE SUBDIVISION, A RESUBDIVISION FILED NOVEMBER 26, 1973, AS DOCUMENT NO. T-2729046), THENCE NORTH 0 DEGREES 03'04" WEST ALONG THE EAST LINE OF THE WEST 25 FEET OF SAID LOT 11 A DISTANCE OF 33 FEET TO THE NORTH LINE OF LOT 11, THENCE SOUTH 89 DEGREES 47' 53" EAST ALONG THE LAST DESCRIBED LINE A DISTANCE OF 93.02 FEET TO A POINT, THENCE SOUTHERLY, SOUTHWESTERLY AND NORTHWESTERLY ALONG AN ARC OF A CIRCLE CONVEX TO THE SOUTHEAST AND HAVING A RADIUS OF 45.00 FEET, AN ARC DISTANCE OF 127.32 FEET AND A CHORD BEARING OF SOUTH 68 DEGREES 24'48" WEST TO A POINT ON A LINE 33 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT 11, THENCE NORTH 89 DEGREES 47'53" WEST ALONG THE LAST DESCRIBED LINE A DISTANCE OF 10.33 FEET TO THE POINT OF

BEGINNING, AND ALSO EXCEPT THE SOUTH 155.00 FEET THEREOF) IN VOGT'S TINLEY PARK ACRE LOTS, BEING A SUBDIVISION OF PART OF THE EAST 70 ACRES OF THE SOUTHEAST QUARTER OF SECTION 30, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT NO. 99979922 TOGETHER WITH ITS PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS.

P.I.N.(s)    28-30-412-094-1003, 28-30-412-094-1011

2. The Real Estate is the Plaintiff's principal residence.

3. An appraisal was conducted by H. Marx, Certified Residential Real Estate Appraiser; and a copy of said appraisal was attached to the Complaint. The appraisal states that the fair market value of the Real Estate is $155,000.

4. Bank of America, N.A., and or Assignees holds a first mortgage lien on the Real Estate; and as of the Petition Date, May 19, 2011, there was due and owing on said mortgage $166,980.95.

5. OLD REPUBLIC INSURANCE CO. holds a second mortgage lien on the Real Estate, and as of the Petition Date, May 19, 2011, there was due and owing on said mortgage $33,314.53.

6. As of the Petition Date, May 19, 2011, the amounts due and owning on the first mortgage lien exceeded the value of the Real Estate.

7. The Debtor's Chapter 13 Plan provides that the defendants claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1. Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2. This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir); There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing, May 19, 2011, the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendants' mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendants' lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be

cancelled upon successful completion of the Debtor's Chapter 13 Plan.

5. The secured claim of the Defendants against the Real Estate located at 6525 W. 173rd Place, 3B, Tinley Park, IL 60477-2003, is valued at zero.

6. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

FEB 21 2012

Dated: 2/21/12

**Prepared by:**

Attorney Sara J. Gray (ARDC #6273540)

Rev: 20110318_apo